1  XAVIER BECERRA
   Attorney General of California
2  MICHAEL L. NEWMAN
   Senior Assistant Attorneys General
3  SUSAN SLAGER
   Supervising Deputy Attorney General
4  JASLEEN K. SINGH
   MARISSA S. MALOUFF (SBN 316046)
5  Deputy Attorneys General
      300 S. Spring St., Suite 1702
6     Los Angeles, CA 90013
      Telephone: (213) 269-6467
7   Fax: (213) 897-7605
      E-mail: Marissa.Malouff@doj.ca.gov
8  *Attorneys for Amicus Curiae State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PANGEA LEGAL SERVICES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, et al,**<br><br>Defendants. | Case No. 3:20-cv-09253-JD<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE STATES IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Judge:  Honorable James Donato<br>Hearing Date: January 7, 2021<br>Action Filed:  December 21, 2020 |

The States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and the District of Columbia (States or *Amici* States) respectfully request and move for leave to appear as *amici curiae* and file the proposed *amicus curiae* brief, attached hereto as Exhibit A, in support of Plaintiffs' motion for a preliminary injunction, and temporary restraining order and order to show cause, set to be heard on January 7, 2021.[1] Plaintiffs and Defendants consent to the States' request. A proposed order is attached.

## I. STANDARD FOR MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

District courts may consider amicus briefs from non-parties with unique information or perspectives that are useful or otherwise desirable to the court. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d. 59, 62 (D.D.C. 2003) and *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). "The 'classic role' of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of counsel,'" and "generally courts have 'exercised great liberality' in permitting amicus briefs." *Cal. v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019) (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indust.*, 694 F.2d 203, 204 (9th Cir. 1982); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)).

While there are no strict prerequisites to qualify for amicus status, "[d]istrict courts frequently welcome amicus briefs from non-parties . . . if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D.Cal. 2003) (internal quotation marks and citation omitted). In addition, participation of

---

[1] The States are separately filing a Motion for Leave to File a Brief as Amici Curiae in the related matter, *Immigration Equality, et al., v. U.S. Department of Homeland Security, et al.*, 4:20-cv-09258-JD. The proposed amicus briefs in both matters make similar arguments, with variations based on the Plaintiffs' pleadings.

amicus curiae may be appropriate where the legal issues in a case have potential ramifications beyond the parties directly involved. *Id.*

## II. INTEREST AND IDENTITY OF AMICI CURIAE

Every year, *Amici* States welcome thousands of asylum seekers into our borders. In 2017-2019, *Amici* States constituted six of the top ten states of residence for individuals whose affirmative asylum applications were granted.[2] Combined, these six States were home to 60.7 percent of the total number of individuals granted affirmative asylum applications in the United States.[3] In fiscal year (FY) 2019, immigration courts in the States issued approximately 41,910 asylum decisions.[4]

The rule at issue here, *Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review*, 85 Fed. Reg. 80,274 (the Rule), introduces a litany of provisions that will dramatically transform the asylum system into an unrecognizable process in which few asylum seekers will attain protection. These changes will harm thousands of current and future States' residents, resulting in many bona fide asylum seekers being denied protection and ordered removed; or alternatively, many asylum seekers being deterred from filing an application at all. As government entities, the States have a unique interest in ensuring that the United States continues to be a safe-haven for refugees, a congressionally-established principle which this Rule undermines. The States also have an interest in keeping families together—which as explained in the attached brief, is made more difficult under the Rule.

Additionally, the States' law enforcement interests are impacted by this Rule. As more asylum seekers are forced into the shadows because they are deterred from applying for or are denied relief, the States' ability to enforce criminal, labor, and civil rights laws is hindered. Furthermore, the States have a strong interest in supporting immigrants, including asylum seekers, residing in their geographical boundaries. In furtherance of the States' interest, they have carefully crafted systems that function to welcome and deliver essential services to immigrants.

---

[2] Ryan Baugh, Office of Immigration Statistics, Dep't of Homeland Sec., *Annual Flow Report: Refugees and Asylees: 2019* tbl. 13 (Sept. 2020), https://tinyurl.com/BaughFlowReport.
[3] *Id.*
[4] TRAC Immigration, Asylum Decisions, https://trac.syr.edu/phptools/immigration/asylum/.

As set forth in greater detail in the attached brief, the States have made significant financial investments in these programs and services, and have created state departments responsible for administering them. These systems, in turn, have resulted in thriving immigrant communities that strengthen the social fabric and economies of communities throughout the States. By making asylum much more difficult to attain, and in fact, attaching great risks to filing asylum applications through the expansion of grounds upon which an application may be found frivolous, the Rule stands to upend this progress and undermine the States' programs and investments.

Finally, the States have an interest in the success of their economies, tax bases, and communities—all of which benefit from the contributions of asylum seekers targeted by this Rule. Indeed, immigrants' contributions have never been more evident than during the COVID-19 pandemic, as immigrants comprise a significant portion of the nation's essential workforce. By preventing asylum seekers from obtaining lawful status, and potentially resulting in increased deportations, the Rule negatively impacts the States' communities, economies, and tax revenue. For these reasons, *Amici* States are particularly well-suited to provide this Court with a unique perspective on the Rule's impact on the public interest.

### III. PROPOSED *AMICUS CURIAE* BRIEF'S RELEVANCE AND AID TO THE COURT

The proposed *amicus curiae* brief focuses on the public interests at stake, and in particular, provides this Court with a perspective on how this broad, omnibus Rule could harm the States and their residents if not enjoined. The proposed brief begins with a discussion of the Rule's gravest potential effects—namely, that many of the States' most vulnerable residents could be denied protection and families could be separated. These two outcomes are contrary to the States' interests, which embrace the American principles of providing refugees a home and family unity. The brief also explains how the States' enforcement of criminal laws, and labor and civil rights protections will be imperiled by the Rule because more asylum seekers will be forced to live in the shadows without immigration status, making them less likely to file complaints or otherwise raise abuses with authorities. Further, the Rule's provisions related to withdrawal of purportedly frivolous applications will make it more difficult for State agencies to prevent unscrupulous

immigration preparers. The proposed brief also explains how State-funded programs may be impacted by the Rule. Particularly, and in light of the complexities the Rule introduces into the asylum application process, State-funded legal service providers will need to devote additional time and resources for each case, and divert resources to re-strategizing their approaches to representing clients, revising their training, and re-allocating staff time. The States' healthcare programs may also be strained as more asylum seekers go without legal status and fear obtaining healthcare. Finally, the brief discusses how the States' economies and communities benefit greatly from asylum seekers. In sum, the brief will provide the Court with a perspective on *Amici* States' interests and the ways in which the Rule harms those interests, that only the States themselves can provide.

## CONCLUSION

For the foregoing reasons, *Amici* States respectfully requests this Court's leave to appear as *amici curiae* and deem the proposed amicus brief filed. Motion.

Dated: December 29, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MICHAEL NEWMAN
Senior Assistant Attorneys General
SUSAN SLAGER
Supervising Deputy Attorney General
JASLEEN SINGH

*/s/ Marissa S. Malouff*

MARISSA S. MALOUFF
Deputy Attorneys General
*Attorneys for Amicus Curiae State of California*

PHIL WEISER
*Attorney General*
*State of Colorado*
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203

WILLIAM TONG
*Attorney General*
*State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

| | |
|---|---|
| KATHLEEN JENNINGS<br>*Attorney General*<br>*State of Delaware*<br>Carvel State Building, 6th Floor<br>820 North French Street<br>Wilmington, DE 19801 | CLARE E. CONNORS<br>*Attorney General*<br>*State of Hawaii*<br>425 Queen Street<br>Honolulu, HI 96813 |
| KWAME RAOUL<br>*Attorney General*<br>*State of Illinois*<br>100 W. Randolph St., 12th Fl.<br>Chicago, IL 60601 | AARON M. FREY<br>*Attorney General*<br>*State of Maine*<br>6 State House Station<br>Augusta, ME 04333-0006 |
| BRIAN E. FROSH<br>*Attorney General*<br>*State of Maryland*<br>200 Saint Paul Place, 20th Floor<br>Baltimore, MD 21202 | MAURA HEALEY<br>*Attorney General*<br>*Commonwealth of Massachusetts*<br>One Ashburton Place<br>Boston, MA 02108 |
| DANA NESSEL<br>*Attorney General*<br>*State of Michigan*<br>P.O. Box 30212<br>Lansing, MI 48909 | KEITH ELLISON<br>*Attorney General*<br>*State of Minnesota*<br>102 State Capitol<br>75 Rev. Dr. Martin Luther King Jr. Blvd.<br>St. Paul, MN 55155 |
| AARON D. FORD<br>*Attorney General*<br>*State of Nevada*<br>555 E. Washington Ave., Suite 3900<br>Las Vegas, NV 89101 | GURBIR S. GREWAL<br>*Attorney General*<br>*State of New Jersey*<br>Richard J. Hughes Justice Complex<br>25 Market Street<br>Trenton, NJ 08625 |
| HECTOR BALDERAS<br>*Attorney General*<br>*State of New Mexico*<br>408 Galisteo St<br>Santa Fe, NM 87501 | LETITIA JAMES<br>*Attorney General*<br>*State of New York*<br>28 Liberty Street<br>New York, NY 10005 |
| ELLEN F. ROSENBLUM<br>*Attorney General*<br>*State of Oregon*<br>1162 Court Street NE<br>Salem, OR 97301 | JOSH SHAPIRO<br>*Attorney General*<br>*Commonwealth of Pennsylvania*<br>Strawberry Square<br>Harrisburg, PA 17120 |

| | |
|---|---|
| PETER F. NERONHA<br>*Attorney General*<br>*State of Rhode Island*<br>150 South Main Street<br>Providence, RI 02903 | THOMAS J. DONOVAN, JR.<br>*Attorney General*<br>*State of Vermont*<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609-1001 |
| MARK R. HERRING<br>*Attorney General*<br>*Commonwealth of Virginia*<br>202 North 9th Street<br>Richmond, VA 23219 | ROBERT W. FERGUSON<br>*Attorney General*<br>*State of Washington*<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA 98504-0100 |
| KARL A. RACINE<br>*Attorney General*<br>*District of Columbia*<br>400 6th Street, NW<br>Washington, D.C. 20001 | |

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Marissa S. Malouff*
MARISSA S. MALOUFF
Deputy Attorney General
*Attorney for Amicus Curiae State of California*