JOHN V. COGHLAN
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
Special Counsel
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel. (202) 514-3309
August.Flentje@usdoj.gov
DAVID M. McCONNELL
*Director*
PAPU SANDHU
*Assistant Director*
CHRISTINA P. GREER
*Senior Litigation Counsel*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Pangea Legal Services, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Dept. of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 3:20-cv-09253-JD <br><br> **[PROPOSED] MOTION FOR RECONSIDERATION** <br><br> Hearing Date: <br> Hearing Time: |
| Immigration Equality, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Dept. of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 3:20-cv-09258-JD |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on _____[1] before the Honorable Judge James Donato, Defendants by and through their undersigned counsel will move the Court for reconsideration or dissolution of the Court's January 8, 2021 Order Regarding Preliminary Injunction, ECF No. 55 ("P.I. Order"). Defendants respectfully request that the Court reconsider and vacate or dissolve the injunction it issued in its P.I. Order. The reasons for this motion are set forth in the following Memorandum of Points and Authorities. Defendants respectfully request that the Court decide this motion on the papers submitted, without oral argument, pursuant to Civil Local Rule 7-1(b).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment." Pursuant to this authority, "a district court can modify an interlocutory order 'at any time' before entry of a final judgment." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Civil Local Rule 7-9(d) governs motions for reconsideration. The rule authorizes a party to seek reconsideration based on the existence of "a material difference in fact or law . . . from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought" or "[t]he emergence of new material facts or a change of law occurring after the time of such order." Civ. L.R. 7-9(b)(1)-(2). Once the showing is established and leave to file a motion for reconsideration is granted, the decision whether to grant reconsideration "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "[A] district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient . . . ."

---

[1] Under Civil Local Rule 7-9(d), a party cannot notice a motion for reconsideration until granted leave by the Court. If the Court grants Defendants leave to file this proposed motion, they will set a hearing date in accordance with the Court's calendar and the Local Rules.

*Wilkins-Jones v. Cty. of Alameda*, No. 08-cv-1485-EMC, 2012 WL 3116025, at *4 (N.D. Cal. July 31, 2012) (citation omitted); *see also Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552-LB, 2016 WL 7635883, at *1 (N.D. Cal. June 27, 2016).

## ARGUMENT

On January 11, 2021, Acting Secretary of Homeland Security Chad Wolf designated a new order of succession for the position of Acting Secretary pursuant to 6 U.S.C. § 113(g)(2). *See* https://www.dhs.gov/sites/default/files/publications/20_0111_order-of-succession-secretary-of-homeland-security.pdf. Peter T. Gaynor, the Senate-confirmed Administrator of the Federal Emergency Management Agency, is the most senior official in that order of succession, which now mirrors the order of succession in Executive Order 13753. Mr. Wolf retains his Senate-confirmed position as Under Secretary for Strategy, Policy, and Plans.

DHS's website states that "[o]n January 11, 2021, Peter T. Gaynor was designated as the Acting Secretary of Homeland Security." *See* https://www.dhs.gov/person/peter-t-gaynor. On January 14, 2021, DHS submitted notice to Congress that Mr. Gaynor began serving as Acting Secretary on January 12, 2021. *See* Exhibit A, Letter from Neal J. Swartz to Vice President Michael R. Pence regarding Federal Vacancies Reform Act Submissions, dated January 14, 2021.

On January 12, 2021, Mr. Gaynor exercised his authority as Acting Secretary to issue an order pursuant to 6 U.S.C. § 112(b)(1) delegating certain of the Secretary's authorities to Mr. Wolf in his capacity as Under Secretary for Strategy, Policy, and Plans, expressly including the authority to "ratify any prior regulatory actions of the Department of Homeland Security." *See* https://www.dhs.gov/sites/default/files/publications/20_0112_delegation-23028-final-rules-regulations-other-matters.pdf. Subsequently on January 14, 2021, Mr. Wolf issued an order "affirm[ing] and ratify[ing] any and all regulatory actions involving delegable duties that I have taken from November 13, 2019, through January 11, 2021," which includes the Rule at issue here. https://www.dhs.gov/sites/default/files/publications/20_0113_undersecretary-wolf-ratification-delegable-prior-actions.pdf. The Rule was also covered by prior ratification orders issued by Mr. Wolf, which the Court addressed in its P.I. Order.

Mr. Wolf's January 14, 2021 ratification is a significant development that we feel we are obligated to bring to the Court's attention, and we believe it provides sufficient grounds for the Court to reconsider or dissolve its P.I. Order. Regardless of the validity of Mr. Wolf's service as Acting Secretary, *see* P.I. Order at 8-9, Mr. Gaynor is now lawfully serving as Acting Secretary, either pursuant to the January 11, 2021 order of succession or Executive Order 13753. Further, Congress has been notified of Mr. Gaynor's service. Ex. A. Thus, under any legal theory or succession regime, Mr. Gaynor, and only Mr. Gaynor, serves as Acting Secretary as of January 12, 2021. *See* Tr. 17 (Court inquiring, "[w]hy wasn't Mr. Gaynor's name forwarded to Congress as the official designated Acting Secretary?").[2] In that capacity, Mr. Gaynor has the authority to delegate "any of the Secretary's functions to any officer, employee, or organizational unit of the Department." 6 U.S.C. § 112(b)(1). Mr. Gaynor thus could lawfully delegate the authority to ratify the issuance of the Rule to Mr. Wolf, in his capacity as Under Secretary of Strategy, Policy, and Plans, and Mr. Wolf's January 14, 2021 ratification means the Rule was issued pursuant to valid authority.[3]

---

[2] While it is no longer relevant given Mr. Gaynor's designation on January 11, 2020, the Government disputes this Court's characterization of the alternative argument regarding Mr. Gaynor as having been "abandoned." Order at 9.

[3] Although the Court has questioned the appropriateness of the Government's continued defense of Mr. Wolf's designation as Acting Secretary, the Government is not a private litigant, and the Supreme Court has recognized that courts should not "fault[] the government . . . for failing to appeal a decision that it now contends is erroneous." *United States v. Mendoza*, 464 U.S. 154, 162 (1984). "Unlike a private litigant who generally does not forego an appeal if he believes that he can prevail," the Government must consider "a variety of factors" in deciding when to appeal, and requiring the Government to either appeal an adverse decision or forego its arguments would force it "to abandon those prudential concerns and to appeal every adverse decision in order to avoid foreclosing further review." *Id.* Accordingly, the ordinary principles of estoppel do "not apply against the government to preclude relitigation of issues" against other parties. *Id.* at 162-63. We also note that the Government has made the detailed arguments regarding Mr. Wolf's lawful service as Acting Secretary in appellate proceedings in *Manzanita Band v. of the Kumeyaay Nation v. Wolf*, No. 20-5333, 20-5335 (D.C. Cir.). Finally, it is appropriate for the Government to bring these new developments to the Court's attention and request consideration of them.

Finally, Defendants were reasonably diligent in bringing this motion for reconsideration. Mr. Wolf ratified the Rule on January 14, 2021, and Defendants have filed this motion on the second business day after January 14.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its order granting Plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

JOHN V. COGHLAN
Deputy Assistant Attorney General

By: /s/ *August E. Flentje*
AUGUST E. FLENTJE
Special Counsel
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel. (202) 514-3309
August.Flentje@usdoj.gov

DAVID M. McCONNELL
Director

PAPU SANDHU
Assistant Director

CHRISTINA P. GREER
Senior Litigation Counsel

Dated: January 19, 2021         *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' [PROPOSED] MOTION FOR
RECONSIDERATION            5
Nos. 3:20-cv-09253-JD & 3:20-cv-09258-JD