# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Pangea Legal Services, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Dept. of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 3:20-cv-09253-JD <br><br> **JOINT STATUS REPORT** <br><br> Hearing Date: <br> Hearing Time: |
| Immigration Equality, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Dept. of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. 3:20-cv-09258-JD |

## STATUS REPORT

**Joint Statement**

On January 27, 2021, the Court granted the parties' Joint Stipulation to Hold Cases in Abeyance. In the stipulation, the parties agreed to submit a status report within 90 days of the Court's order, "updating the Court on the status of the Final Rule and policy changes or other developments, if any, that are likely to materially impact these cases." *Pangea*, ECF 75 at 2, *Immigration Equality*, ECF 60 at 2. For the reasons described below, the parties request that the case remain in abeyance. The parties propose to submit another status report to the Court within 30 days.

**Plaintiffs' Statement**

On January 8, 2021 this Court issued a Preliminary Injunction enjoining the Final Rule at issue in both cases. *See Pangea* ECF 66; *Immigration Equality*, ECF 55 (the "Order"). This Court ordered that Defendants "and defendants' officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are preliminarily enjoined from implementing, enforcing, or applying the rule titled, *Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review*, 85 Fed. Reg. 80274 (Dec. 11, 2020), or any related policies or procedures, including the Policy Memorandum entitled, *Guidance Regarding New Regulations Governing Procedures For Asylum and Withholding of Removal and Credible Fear Reviews*, issued by the Department of Justice on December 11, 2020." Pursuant to stipulation and this Court's order, that preliminary injunction remains in place. *Pangea* ECF 75 ¶6, 76; *Immigration Equality*, ECF 60 ¶6, 61.

Despite the preliminary injunction, the Rule at issue in this case remains published on the Government's e-CFR website. There is no reference on that website to the Order or the fact the Rule has been preliminarily enjoined by this Court. The Rule at issue also remains available on the DHS, USCIS, and EOIR websites, which are administered by Defendants here, with no reference to the Order or the fact the Rule has been preliminarily enjoined by this Court. As of April 16, 2021, the home page for Defendant EOIR, for example, still contains the press release announcing the Rule being made final as its second top news item; a press release for the rule enjoined by Judge Illston in *Pangea Legal Services, et al. v. U.S. Dep't of Homeland Security*, 20-cv-07721-SI (N.D. Cal. 2020) is the third item.[1] In other similar cases where a final rule has been enjoined, the Government has agreed to place a banner or alert on the relevant websites alerting users to the fact that certain rules have been preliminarily enjoined.[2]

---

[1] *See, e.g.,* Executive Office for Immigration Review, Home Page, https://www.justice.gov/eoir (accessed April 16, 2021).

[2] *See, e.g.,* United States Citizenship and Immigration Services, I-912, Request for Fee Waiver, https://www.uscis.gov/i-912 (accessed April 16, 2021) (alerting to the injunction in *Immigration Legal Resource Center et al. v. Wolf, et al.*, 20-cv-05883-JWS (N.D. Cal. 2020) and *Casa de Maryland Inc., et al. v. Chad Wolf et al.*, 20-cv-2118 (D. Md. 2020); United States Citizenship and Immigration Services, Filing Fees, https://www.uscis.gov/forms/filing-fees (accessed April 16, 2021) (same). *See also* Office of Civil Rights, U.S. Dep't of Health & Human Servs., Section 1557 of the Patient Protection and Affordable Care Act, https://www.hhs.gov/civil-rights/for-individuals/section-1557/index.html (noting injunctions issued against HHS

No notice has been published in the Federal Register alerting the public to this Court's injunction. Yet, this has been done for five other rules of which Plaintiffs are aware.[3]

Noticing the lack of action by Defendants to inform stakeholders and the public of the status of the Rule following entry of the preliminary injunction by this Court, Plaintiffs' counsel informed Defendants of this issue as early as February 26, 2021. Despite multiple exchanges among the parties since then about ways to address the situation, no action has been taken to date to inform stakeholders and the public that the Rule has been enjoined and never took effect.

In light of the Rule's continued publication on the Government's websites, without any warning or clarification to practitioners, asylum seekers, or the public, Plaintiffs have had to expend significant resources to explain that the information available on these websites is incorrect in light of the Order and to assist staff members and attorneys in finding the regulations that are still operative in light of the Order. It is difficult to find the currently-operative regulations because there is not a direct link to them from the current location of the regulation on the Government's websites and because the currently-operative regulations are only available in difficult-to-use and difficult-to-access PDFs.

Plaintiffs contend that the lack of reference to this Court's Order and the currently-operative regulations on Government websites, particularly those operated by Defendants, does not comply with this Court's preliminary injunction. This lack of transparency has led to substantial confusion among practitioners and asylum seekers who are likely *pro se* about whether

---

regulations under Section 1557 of the ACA) (accessed Apr. 16, 2021). *Cf.* U.S. Dep't of Homeland Security, Notice to DHS Contractors and Subcontractors on Suspending HSAR Class Deviation 21-01 (Jan. 5, 2021), https://beta.sam.gov/opp/f9e25e85adc541faa67c2776ee5244e4/view (accessed Apr. 16, 2021) (informing DHS contractors and subcontractors of preliminary injunction issued against executive order and enforcement of related guidance, such as HSAR Class Deviations).

[3] "USCIS Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements," 86 F.R. 7493 (Jan. 29, 2021) (informing public of two preliminary injunctions); "Agency Information Collection Activities; Extension, Without Change, of a Currently Approved Collection: Request for Reduced Fee," 86 F.R. 3171 (Jan. 14, 2021) (citing the injunction in *Immigration Legal Resource Center et al. v. Wolf, et al.*, 20-cv-05883-JWS (N.D. Cal. 2020) and *Northwest Immigrant Rights Project, et al. v. United States Citizenship and Immigration Services, et al.* 19-cv-3282-RDM (D.D.C. 2020)); "Continuation of Documentation for Beneficiaries of Temporary Protected Status Designations for El Salvador, Haiti, Nicaragua, Sudan, Honduras, and Nepal," 85 F.R. 79208 (Dec. 9, 2020) (announcing actions to ensure compliance with preliminary injunction orders); "International Traffic in Arms Regulations: U.S. Munitions List Categories; Preliminary Injunction Ordered by a Federal District Court," 85 F.R. 18445 (Apr. 2, 2020); "Procedures To Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products," 85 F.R. 4756 (Jan. 27, 2020).

certain claims that would be disallowed by the Rule enjoined by this Court are still viable. As Plaintiffs continue to expend resources to counteract the confusing and misleading information currently on the Government's websites and inform constituents of the currently-operative regulations, they have not yet been returned to the *status quo ante* as should occur when a preliminary injunction issues, a point underscored by the Government's willingness in other similar cases to make interested parties aware of preliminary injunctions through website banners and links, as well as Federal Register notices.

The parties are in ongoing discussions regarding what the Government will do in order to ensure that Defendants' employees, practitioners, asylum seekers, and the public are made aware of this Court's Order enjoining the Rule and have access to the currently-operative regulations when accessing Government websites. If the Government continues to refuse to address this issue in an appropriate manner, Plaintiffs will file an appropriate motion seeking guidance from the Court.

**Defendants' Statement**

Defendants hereby inform the Court that the rule at issue in this case remains under review pursuant to the February 2, 2021, Executive Order entitled Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans. Executive Order 14012, 86 Fed. Reg. 8277 (Feb. 2, 2021). Specifically, the Executive Order instructed the Attorney General to "review existing regulations . . . for consistency with the policies set forth in the Executive Order and [w]ithin 90 days of the date of this order . . . [to] submit a plan to the President describing the steps their respective agencies will take to advance [that] policy." Executive Order 14012, Sec. 3, 86 Fed. Reg. 8277 (Feb. 2, 2021). The plan referenced in the Executive Order is due to the President no later than May 3, 2021. Since the President issued the Executive Order, the Departments have made significant progress on their review and seek additional time to continue that review.

As Plaintiffs note, the Court's January 8, 2021 preliminary injunction ordered that Defendants "and defendants' officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are preliminarily

enjoined from implementing, enforcing, or applying the rule titled, *Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review*, 85 Fed. Reg. 80274 (Dec. 11, 2020), or any related policies or procedures, including the Policy Memorandum entitled, *Guidance Regarding New Regulations Governing Procedures For Asylum and Withholding of Removal and Credible Fear Reviews*, issued by the Department of Justice on December 11, 2020." Plaintiffs have not identified any instances in which the Rule or Policy Memorandum has been applied in contravention of the Court's Order, and Defendants are not aware of any. Defendants are currently considering Plaintiffs' demands, which were fully set forth in writing and communicated to Defendants' counsel on April 12, 2021. Although Defendants are considering Plaintiffs' requests, Defendants maintain that they are fully complying with the preliminary injunction and that Plaintiffs' requests are not required by the injunction.

Respectfully submitted,

By: */s/ Naomi A. Igra*
NAOMI A. IGRA
Sidley Austin LLP
555 California St., Suite 2000
San Francisco, CA 94104
Tel. (415) 772-1200
naomi.igra@sidley.com

*Counsel for Pangea Plaintiffs*

By: */s/ Omar Gonzalez-Pagan*
OMAR GONZALEZ-PAGAN
Lambda Legal Defense and
Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel. (212) 809-8585
ogonzalez-pagan@lambdalegal.org

*Counsel for Immigration Equality Plaintiffs*

By: */s/ Christina P. Greer*
CHRISTINA P. GREER
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel. (202) 598-8770
Christina.P.Greer@usdoj.gov

*Counsel for Defendants*

Dated: April 19, 2021